SARAH S. VANCE, Chair
Before the Panel:* Petitioner International Union of Operating Engineers Local 501, AFL-CIO (the Union), has filed an opposition to the National Labor Relations Board's notice of multicircuit petitions for review, filed with the Panel under 28 U.S.C. § 2112(a). The notice includes two petitions for review, one each pending in the Courts of Appeals for the Ninth Circuit and for the District of Columbia Circuit. The NLRB, in response, asserts that its notice satisfies the statutory criteria.
The agency order that is the subject of the petitions for review attached to the NLRB's notice pertains to a dispute between the Union and Station GVR Acquisition, LLC d/b/a Green Valley Ranch Resort Spa Casino. The NLRB found that the employer failed to provide the Union with certain information necessary for the Union to bargain on behalf of the employer's slot machine technician employees. See Station GVR Acquisition, LLC , 366 N.L.R.B. No. 175 (Aug. 27, 2018). The Union contends that this order is related to another order issued by the NLRB, involving refusal-to-bargain allegations, that is the subject of three petitions for review pending in the Ninth Circuit.[1] According to the Union, the order subject to the petitions for review now before us is wholly dependent on the outcome of the petitions pending in the Ninth Circuit. The Union thus requests that the Panel not invoke the random selection process, but instead stay the petition for review pending in the D.C. Circuit or transfer that petition to the Ninth Circuit.
The Union misunderstands the scope of the Panel's authority under Section 2112. That statute establishes the *1345 rules for consolidating proceedings that challenge an agency action in a single court of appeals. If within ten days of issuing an order, the agency gives the Panel notice that it has received two or more date-stamped petitions for review filed in different courts of appeals, then the Panel "shall , by means of random selection," designate the court in which the agency shall file the record. 28 U.S.C. § 2112(a)(3) (emphasis added). Thus, when the statutory criteria for submitting a notice of multicircuit petitions for review are met,[2] the Panel has no discretion with respect to conducting the random selection set forth in Section 2112(a)(3) ; nor does it have the authority to issue orders to the circuit courts in which the petitions for review are pending. See also 16 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 3944 (3d ed. Sept. 2018 Update) ("The random selection process supervised by the Judicial Panel on Multidistrict Litigation is crafted in purely mechanical terms. It does not make the Panel responsible for determining whether any of the review petitions were properly filed.... Determination of these matters is left, as it was under the earlier system, to the court selected by the Panel.").
The proper way to address related multicircuit petitions assigned to different courts of appeals, as alluded to by the parties in their briefs, is to move for transfer under Section 2112(a)(5) in the court in which the agency record is filed. Section 2112(a)(5) allows transfer to any other court of appeals "[f]or the convenience of the parties in the interest of justice." Id. § 2112(a)(5). This provision makes eminent sense, as the court in which the record is filed is best situated to determine whether the petitions before it are sufficiently related to those pending in another circuit such that transfer is appropriate.
IT IS THEREFORE ORDERED that the Panel Clerk shall proceed to conduct a random selection under 28 U.S.C. § 2112(a)(3) in this matter.

Judge Charles R. Breyer took no part in the decision of this matter.

The Panel designated the Ninth Circuit as the court to hear these petitions. In re NLRB, Station GVR Acquisition, LLC d/b/a Green Valley Ranch Resort Spa Casino & Int'l Union of Operating Eng'rs Local 501, AFL-CIO, 366 NLRB No. 58, Issued on Apr. 12, 2018 , MCP No. 151 (J.P.M.L. July 23, 2018), ECF No. 3 (Consolidation Order).

The parties do not dispute that the statutory criteria set forth in 28 U.S.C. § 2112(a)(1) & (2) were satisfied here.